1  D. EDWARD HAYS, #162507
   ehays@marshackhays.com
2  SARAH C. BOONE, #268813
   sboone@marshackhays.com
3  MARSHACK HAYS LLP
   870 Roosevelt Avenue
4  Irvine, California 92620
   Telephone: (949) 333-7777
5  Facsimile:  (949) 333-7778

6  Attorneys for Creditor,
   RAYMOND S.G. PRYKE
7

8              UNITED STATES BANKRUPTCY COURT

9        CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

10

11 | In re                          | Case No. Case #  6:12-bk-20157-WJ |
   | JOHN D. DEFAZIO,               | Chapter 13 |
12 |                                | |
   |   Debtor.                      | OBJECTION TO CHAPTER 13 PLAN AND DISCLOSURE STATEMENT; DECLARATION OF D. EDWARD HAYS IN SUPPORT |

15
                                    Date:  June 13, 2012
16                                  Time:  8:00 a.m.
                                    Ctrm:  302
17

18 TO THE HONORABLE WAYNE E. JOHNSON, UNITED STATES BANKRUPTCY COURT

19 JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED

20 PARTIES:

21         Creditor RAYMOND S.G. PRYKE ("Creditor") submits this objection to the

22 Chapter 13 Plan ("Plan") filed by Debtor JOHN D. DEFAZIO ("Debtor") as docket number 20

23 on May 9, 2012.

24 **I.    INTRODUCTION**

25         Debtor's voluntary Chapter 13 petition was not filed in good faith, and his Plan is

26 not proposed in good faith. Debtor's current and projected income are insufficient to make the

27 proposed Plan payments, his efforts at reorganization are transparently aimed at resolution of a

28 two-party dispute, he filed his petition only to gain the protections of the automatic stay, and he

                                1
                    OBJECTION TO CHAPTER 13 PLAN
86006v1/1264-001

has failed to cooperate with Creditor's investigation of his assets, income, and ability to make the proposed Plan payments. Furthermore, because there appears to be no possibility that Debtor will be able to make the payments proposed under the Plan, the Plan is not feasible. Accordingly, Creditor requests that the Plan be denied for failure to meet the requirements of 11 U.S.C. §1325(a).

**II.    ARGUMENT**

    **A.    Debtor's Bad-Faith Plan Should Be Denied**

The requirements for confirmation of Debtor's Plan include a finding by the Court that, among other things, the Plan has been proposed in good faith: "the court shall confirm a plan if--the plan has been proposed in good faith and not by any means forbidden by law[.]" 11 U.S.C. §1325(a)(3). Although there is no single factor which predominates in finding bad faith, "some of the elements found in Chapter 13 cases include the following: … 8. There is no possibility of reorganization. 9. Debtor's income is not sufficient to operate… 11. Reorganization essentially involves the resolution of a two-party dispute. 12. The debtor filed solely to obtain the automatic stay." *In re Powers*, 135 B.R. 980 (Bankr. C.D. Cal. 1991). The Court may also consider the accuracy of the Plan's statements of debts, expenses and percentage of repayment of unsecured debt, and whether any inaccuracies in the schedules and statements were made in an attempt to mislead the court. *In re Warren,* 89 BR 87, 93 (9th Cir. B.A.P. 1988).

Debtor's Plan, schedules, and statements bear several of the hallmarks of "bad faith." As an initial matter, there appears to be no reasonable possibility that Debtor will be able to effectuate the Plan. There is thus no possibility of reorganization, as Debtor's income is insufficient to make the proposed Plan payments. Debtor proposes to pay Creditor's claim over 60 months at a rate of $1,400 a month for 36 months and $2,756.29 a month for 24 months. *See,* Chapter 13 Plan, docket no. 20, at page 2, para. IA. Debtor's Schedule I, however, shows that Debtor's current gross income is $2,800 a month. *See*, Schedules and Statements, docket no. 18, at page 17 (Schedule I). Schedule J reflects monthly expenses of $4,165 (*id*. at 18, Schedule J): thus, ***Debtor has a current net monthly deficiency of $1,365 yet proposes to pay Creditor***

1 *$1,400 a month commencing immediately*. Even should the Court accept Debtor's projected
2 future monthly gross income of $6,075.00 a month, his net income will be $1,910. There is ***no***
3 ***indication*** that Debtor will be able to make the 24 increased monthly payments of $2,756.29.

4       Debtor has also acknowledged that his reorganization involves the resolution of a
5 two-party dispute: Creditor's claim for a judgment in the amount of $105,000 is Debtor's only
6 debt. *See*, Schedules and Statements, docket no. 18, at page 14 (Schedule F). Debtor has no
7 other general unsecured creditors, and no priority or secured creditors. *See generally*, *id*.
8 Creditor's preliminary investigation has also revealed no other creditors—although, in the
9 interests of full disclosure and as set forth in the Declaration of D. Edward Hays submitted in
10 support of this objection, Debtor is under indictment in San Bernardino County for criminal
11 perjury for his testimony before the San Bernardino County Grand Jury. Successful prosecution
12 of these charges may lead to a restitution award. Thus, Creditor acknowledges that Debtor may
13 have other, unscheduled, creditor claims, including any unliquidated restitution claim.

14       It is also evident that Debtor's voluntary petition under Chapter 13 of Title 11 was
15 filed for one reason: to attain to the protections of the automatic stay afforded to the honest but
16 unfortunate debtor in bankruptcy. Debtor's bankruptcy was filed to avoid Creditor's
17 enforcement of judgment efforts undertaken in state court proceeding. Debtor is not in danger of
18 losing his residence, which he rents, to foreclosure; Debtor has no other creditors attempting to
19 enforce claims against Debtor. The only reason for Debtor to seek the protection of bankruptcy
20 was to thwart Creditor's enforcement of a judgment entered against Debtor.

21       Furthermore, Creditor's investigation has led Creditor to believe that Debtor's
22 schedules are inaccurate and do not disclose all of his assets. Debtor's Schedule A lists real
23 property described as "5 Acres Land: Rancho Road, Hesperia," in which Debtor has a fee simple
24 interest and which is encumbered by no secured claim ***but which Debtor claims to have zero***
25 ***value***. *See*, Schedules and Statements, docket no. 18, page 6. Debtor's Schedule B also appears
26 to be incomplete: Creditor's investigation has lead Creditor to believe that Debtor is the sole
27 shareholder of a commercial and residential development company known as Kardi Homes, Inc.,
28 which has significant real property holdings. Debtor's interest in Kardi Homes, Inc. is excluded

from Debtor's Schedule B.  *See*, Schedules and Statements, docket no. 18, page 7.  Additionally, Creditor has requested production of Debtor's tax returns, and the deadline for Debtor to respond to that request was June 6, 2012.  As of the filing of this objection, Creditor has not yet received those documents, which will shed further light on Debtor's financial condition, assets, income, and ability to pay.

For these reasons, Debtor's bankruptcy was not filed, and Debtor's Plan is not submitted, in good faith and should be denied pursuant to 11 U.S.C. §1325(a)(3).

### B.    Debtor's Unfeasible Chapter 13 Plan Should Be Denied

One of the other requirements for confirmation of a Chapter 13 plan of reorganization is that "the debtor will be able to make all payments under the plan and to comply with the plan." 11 U.S.C. §1325(a)(6).  As noted above, Debtor's current monthly income is insufficient to pay the first-tier proposed Plan payments of $1,400 a month, and Debtor's projected income will be insufficient to pay the second-tier proposed Plan payments of $2,756.29 a month.  Debtor clearly does not meet the standard of being able to "make all payments under the plan" and it is doubtful whether Debtor will be able to make *any* of the payments under the Plan.  For this reason, Debtor's Plan is not feasible, and should be denied pursuant to 11 U.S.C. §1325(a)(6)

## III.    CONCLUSION

For these reasons, Creditor respectfully requests that this Court deny Debtor's Plan pursuant to 11 U.S.C. §1325(a)(3) and (6) for bad faith and unfeasibility.

Dated: June 6, 2012                                                     **MARSHACK HAYS LLP**

By:  */s/ Sarah C. Boone*
D. EDWARD HAYS
SARAH C. BOONE
Attorneys for Creditor
RAYMOND S.G. PRYKE

DECLARATION OF D. EDWARD HAYS

I, D. EDWARD HAYS, declare:

1. I am a partner in the law firm of Marshack Hays LLP.

2. I am an attorney licensed to practice in the State of California and have been admitted to practice before this Court.

3. I am an individual above the age of eighteen years of age and have personal knowledge of the facts set forth in this declaration.

4. If called and sworn as a witness, I could and would competently testify to the facts set forth in this declaration.

5. Along with our esteemed co-counsel William Tooke, Esq., my firm represents Creditor Raymond S.G. Pryke, who is the sole creditor listed on the Schedules and Statements of Debtor John D. DeFazio ("Debtor").

6. Based on counsel's preliminary investigation, I am unaware of any creditors of Debtor other than my client.

7. However, based on newspaper accounts, I am informed and believe that Debtor is under indictment in San Bernardino County for criminal perjury for his testimony before the San Bernardino County Grand Jury.

8. Successful prosecution of these charges may lead to a restitution award.

9. Any such restitution claim, which is not listed in Debtor's Schedules and Statements, would also be a claim against Debtor's bankruptcy estate.

10. Counsel's investigation also leads me to believe that as of March 26, 2012, Debtor was the sole shareholder of Kardi Homes, Inc., a commercial and residential development company with significant real property holdings.

11. Nothing in our investigation has lead me to believe that Debtor was not still the sole shareholder of Kardi Homes, Inc. as of the filing of Debtor's voluntary petition under Chapter 13 of Title 11 on April 25, 2012.

/ / /

1      12.    Debtor's interest in Kardi Homes, Inc. is excluded from Debtor's
2 Schedule B.
3      13.    On May 30, 2012, I caused to be delivered *via* overnight mail to Debtor's
4 counsel a letter requesting that Debtor provide my client with a copy of Debtor's most recently
5 filed tax returns by no later than June 6, 2012, which date is one week in advance of Debtor's
6 initial meeting of creditors.
7      14.    As of the filing of this objection on the evening of June 6, 2012, neither
8 my firm nor Mr. Tooke had received the requested documents.
9      I declare under penalty of perjury under the laws of the United States of America
10 that the foregoing facts are true and correct, and that this declaration is executed on June 6,
11 2012, at Irvine, California.

                                          */s/ D, Edward Hays*
                                          D. EDWARD HAYS

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt Avenue, Irvine, California, 92720

A true and correct copy of the foregoing document entitled (*specify*): **OBJECTION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) June 6, 2012, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
- Rod (WJ) Danielson (TR)    notice-efile@rodan13.com
- Timothy L McCandless    tmlawbksb@hotmail.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) June 6, 2012, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Via Personal Delivery
Honorable Wayne E. Johnson
United States Bankruptcy Court - Central District of California
3420 Twelfth Street, Suite 345 / Courtroom 302
Riverside, CA 92501-3819

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 6, 2012 | Sarah C. Boone | /s/ Sarah C. Boone |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

85992v1/9999-101